**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | |
|---|---|
| **DETRICH McNEELY** | **PLAINTIFF** |
| **v.** | **CAUSE NO. 1:26CV47-LG-BWR** |
| **TA DEDICATED, INC.** | **DEFENDANT** |

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

Plaintiff Detrich McNeely claims that Defendant TA Dedicated, Inc., terminated her employment in violation of Title VII, 42 U.S.C. § 1981, and the Age Discrimination in Employment Act ("the ADEA"). Defendant TA Dedicated, Inc. filed a [6] Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The parties have fully briefed the Motion. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that Defendant's Motion to Dismiss should be denied.

**BACKGROUND**

TFE Logistics hired Plaintiff, a sixty-three-year-old black female, as an office administrator in 2006. Team One Logistics acquired TFE Logistics, and it promoted Plaintiff to the position of Operations Supervisor/Dispatcher in December 2010. In October 2023, Defendant acquired Team One Logistics.[1] It assigned Plaintiff the same duties, but it changed her job title to Dedicated Account Leader. Defendant promoted Plaintiff to the position of Senior Dedicated Account Leader,

[1] The parties have not described the type of business that TFE Logistics, Team One Logistics, and Defendant TA Dedicated, Inc., are engaged in, but it appears from some of the allegations in the Complaint that they are trucking companies.

but she also continued to perform the duties of a Dedicated Account Leader for a few months, until Defendant hired David Houston to fill the Dedicated Account Leader position. Houston resigned a few months later, and Plaintiff "resumed working in both positions[.]" Compl. [1] at 2. About four months later, Defendant hired Natasha James, a white female in her late thirties, to fill the Dedicated Account Leader position. "Once again, Plaintiff could work solely as the [Senior Dedicated Account Leader]." *Id.* at 3.

"In early May 2025, Manager Candice Kreager (early 40s white female) informed Plaintiff that she was being placed on a Performance Improvement Plan (PIP)." *Id.* A little over a month later, Kreager told Plaintiff that

> she had been conducting some audits, and she found that the drivers' times were not overlapping in ADP (Automatic Data Processing Payroll System) and ISSAC. She further stated that drivers' login times must overlap or be no more than one to two minutes apart in the two systems. Plaintiff responded that this was the first time she had been informed that drivers' times must overlap (and be no more than 1–2 minutes apart) when logging in to the two systems, but that she would draft a memo of understanding and have all the drivers sign it on the following day, June 24, 2025. . . .
>
> Ms. Kreager then asked Plaintiff about whether a certain driver had completed the Return-to-Work process. Plaintiff explained that she had not because the driver had not been hospitalized; rather, he went to the Emergency Department and was then released with no restrictions and advised to follow up with his primary care doctor. Given the fact that he was not really treated and was not placed on any restrictions, Plaintiff had reasonably assumed there was no need for the driver to complete the Return-to-Work process. Indeed, there was confusion and debate about this issue between Ms. Kreager, Plaintiff, and Compliance Manager Candeeda Grubb.

*Id.* at 3–4 (citation modified).

The following day, Kreager and Human Resources Business Partner Ellery Burgreen (a white female in her thirties) terminated Plaintiff for "failing to ensure drivers were logged into ISSAC" and for failing to require a driver to complete "the Return-to-Work following him seeking medical treatment." *Id.* at 3. Plaintiff asserts, "As is evident from this history of events, the stated reasons for the termination are subjective and do not objectively represent misconduct in connection with her work." *Id.* at 4. "After she was terminated, Plaintiff learned that Ms. James was performing both the duties of [Dedicated Account Leader] and [Senior Dedicated Account Leader], i.e., exactly as Plaintiff had been doing prior to Ms. James' hiring." *Id.*

After receiving notice of her right to sue from the Equal Employment Opportunity Commission, she filed this lawsuit alleging race discrimination claims pursuant to Title VII and Section 1981, as well as an ADEA claim. Defendant now seeks dismissal on the basis that Plaintiff failed to state a plausible claim for relief under any of these statutes.

**DISCUSSION**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court must "accept[] all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiff[]." *Herbert v. St. James Par. Sch. Bd.*, 177 F.4th 630, 636 (5th Cir. 2026). "Legal conclusions; mere labels;

threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement are not presumed to be true." *Id.* (citation modified).

"In an employment discrimination case, the complaint need not contain specific facts establishing a prima facie case of discrimination under the framework set forth in *McDonnell Douglas Corp. v. Green*." *Norsworthy v. Hou. Indep. Sch. Dist.*, 70 F.4th 332, 336 (5th Cir. 2023) (citation modified). But a plaintiff must "plead sufficient facts on all of the ultimate elements of a disparate treatment claim to make [her] case plausible." *Chhim v. Univ. of Tex. at Aus.*, 836 F.3d 467, 470 (5th Cir. 2016) (citation modified). "[T]o frame that inquiry, a district court may find it helpful to reference *McDonnell Douglas*." *Norsworthy*, 70 F.4th at 336; *see also Haskett v. T.S. Dudley Land Co.*, 648 F. App'x 492, 495 (5th Cir. 2016) (citation modified) ("The elements of a prima facie case are helpful in framing what constitutes an ADEA claim."). However, the court may not perform "a rigorous factual or evidentiary analysis." *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 767 (5th Cir. 2019).

**I. RACE DISCRIMINATION CLAIMS**

Plaintiff alleges race discrimination claims pursuant to Title VII and Section 1981. Title VII makes it unlawful for employers "to discriminate against any individual with respect to [his] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). "[T]he inquiry into intentional discrimination is

essentially the same for individual actions brought under sections 1981 . . . and Title VII." *Lauderdale v. Tex. Dep't of Crim. Just.*, 512 F.3d 157, 166 (5th Cir. 2007).

The Fifth Circuit has held:

> To establish a prima facie case under Title VII at the motion to dismiss stage, a plaintiff must plead that he (1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside his protected group or was treated less favorably than other similarly situated employees outside the protected group.

*Woods v. STS Servs., L.L.C.*, 164 F.4th 394, 397 (5th Cir. 2026) (citation modified). Generally, "[a] plaintiff must allege facts sufficient to support a finding that he was treated less favorably than others outside of his protected class." *Olivarez v. T-Mobile USA, Inc.*, 997 F.3d 595, 600 (5th Cir. 2021) (citation modified). For example, "a plaintiff must generally identify a comparator by alleging facts sufficient to demonstrate that he 'was treated less favorably than similarly situated employees outside his protected class.'" *Jenkins v. City of Dallas*, 717 F. Supp. 3d 528, 536 (N.D. Tex. 2024) (citation modified) (quoting *Olivarez*, 997 F.3d at 599). However, in some situations, a Title VII complaint may survive a Rule 12(b)(6) motion even if it does "not allege with adequate specificity that any similarly situated [employee outside the protected class] was treated differently." *See Cicalese*, 924 F.3d at 768 (holding that a district court erred in dismissing a complaint for failure to identify a comparator where the plaintiffs pled other facts

allowing an inference that an adverse employment action was based on their protected status).

Plaintiff claims that Natasha James is her comparator, but she has not alleged that James failed to ensure drivers were logged into ISSAC or that she failed to require a driver to complete the Return-to-Work process after seeking treatment at an emergency room. *See Lee v. Kan. City S. Ry. Co.*, 574 F.3d 253, 260 (5th Cir. 2009) ("[C]ritically, the plaintiff's conduct that drew the adverse employment decision must have been nearly identical to that of the proffered comparator who allegedly drew dissimilar employment decisions."). As such, Plaintiff has not pled sufficient facts to state a plausible claim that James can be viewed as a comparator.

Plaintiff further claims that Defendant replaced her with James. Defendant counters that James merely took on additional responsibilities after Plaintiff's termination, just as Plaintiff had done in the past when her co-workers resigned or retired. However, the Fifth Circuit has indicated that allegations similar to those made by Plaintiff are sufficient to state a plausible claim for race discrimination. *See Howard v. United Parcel Serv., Inc.*, 447 F. App'x 626, 629 n.2 (5th Cir. 2011) ("Because the record reflects that only Howard's specific position was eliminated and his duties were assumed by someone outside the protected class, Howard has made a prima facie showing of discrimination."). Therefore, Defendant's Motion to Dismiss Plaintiff's race discrimination claims must be denied.

## II. AGE DISCRIMINATION

Plaintiff also claims Defendant terminated her in violation of the ADEA, which "prohibits employers from firing, refusing to hire, or otherwise discriminating against any individual with respect to their compensation, terms, conditions, or privileges of employment, because of their age." *Hall v. UiPath, Inc.*, 123 F.4th 419, 422 (5th Cir. 2024) (citing 29 U.S.C. § 623(a)(1)).

To allege a prima facie case of age discrimination under the ADEA, a plaintiff must plead that: "(1) he was discharged; (2) he was qualified for the position; (3) he was within the protected class at the time of discharge; and (4) he was either i) replaced by someone outside the protected class, ii) replaced by someone younger, or iii) otherwise discharged because of his age." *Goudeau v. Nat'l Oilwell Varco, LP*, 793 F.3d 470, 474 (5th Cir. 2015) (citation modified). To support an inference of age discrimination, a plaintiff must allege that his replacement was "substantially younger." *See O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 313 (1996).

Here, Plaintiff pled facts indicating that she had worked for Defendant and its predecessors for almost twenty years. Defendant had promoted her to the Senior Dedicated Account Leader position about ten months prior to her termination. These facts support a plausible inference that she was terminated from a position for which she was qualified. She further alleged Defendant terminated her when she was in her early sixties and replaced her with a person in her late thirties. These facts support plausible inferences that she was within the protected class and replaced by someone substantially younger.

Nevertheless, Defendant argues that Plaintiff's "Complaint is devoid of any allegations that would suggest that 'but for' plaintiff's age, defendant would not have made the decision to terminate her employment." Def.'s Mem. [7] at 7. Defendant has not cited any cases in which a court dismissed an ADEA claim at the pleadings stage on this basis. *See Leal v. McHugh*, 731 F.3d 405, 415 (5th Cir. 2013) (Plaintiff's "need not plead that age was the sole cause of their injury to survive a motion to dismiss."); *Howard v. Robinson Prop. Grp. LLC*, No. 3:20CV142, 2020 WL 14010724, at *4 (N.D. Miss. Dec. 2, 2020) ("Under the notice-pleading standard, an ADEA plaintiff is not required to allege facts in her complaint that—if true—would alone be sufficient to prove but for cause."). In addition, Plaintiff disputes the stated bases for her termination. She claims: (1) Defendant cited a requirement she was unaware of as an alleged basis for her termination; and (2) she did not violate the return-to-work requirements because the driver was not admitted to the hospital. As a result, Plaintiff has stated a plausible ADEA claim.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Defendant's [6] Motion to Dismiss is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 3rd day of October, 2026.

s/ Louis Guirola, Jr.

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE